IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff<br><br>　　　v.<br><br>JOHN H. LEGG<br>21 Cardiff Road<br>Rehoboth Beach, DE 19971<br><br>STATE OF DELAWARE<br>Department of Finance<br>Division of Revenue<br>ATTN: David Shelley<br>Carvel State Building<br>820 North French Street<br>P.O. Box 8763<br>Wilmington, DE 19899-8763<br><br>SUSSEX COUNTY, DELAWARE<br>Treasury Division<br>Number 2, The Circle<br>Georgetown, DE 19947<br>　　　also serve:<br>Sussex County, Delaware<br>Director of Utility Billing<br>Department of Finance<br>Number 2, The Circle, Third Floor<br>Georgetown, DE 19947,<br><br>　　　Defendants | CIVIL ACTION NO. |

## COMPLAINT

The United States of America, by and through undersigned counsel, complains of the defendant as follows:

　　1.　　This is a civil action in which the United States seeks to reduce to judgment a federal income tax assessment made against defendant John H. Legg.

　　2.　　The United States also seeks to foreclose an existing federal tax lien on certain real property.

3. This civil action is commenced at the request of and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States pursuant to Sections 7401 and 7403 of the Internal Revenue Code (26 U.S.C.).

4. Jurisdiction over this action is conferred upon this Court by virtue of Sections 1340 and 1345 of Title 28, U.S. Code, and Sections 7402 and 7403 of the Internal Revenue Code (26 U.S.C.).

5. Venue is proper in this Court pursuant to Sections 1391(b) and 1396 of Title 28, United States Code, inasmuch as the tax liability at issue arose within the District of Delaware and the taxpayer resides in the District of Delaware.

6. The real property upon which the United States seeks to foreclose its federal tax lien is owned by the taxpayer and is located at 21 Cardiff Road, Rehoboth Beach, Delaware 19971 (hereinafter referred to as "the property.") and is more fully described as follows:

> ALL that certain lot, piece or parcel of land in Lewes and Rehoboth Hundred, Sussex County, Delaware, lying to the Southwest of Rehoboth, Delaware, being known and designated as Lot No. 23, Block 3 in Section A as shown on a plot of the land of "Rehoboth Beach Yacht & Country Club", said plot being of record in the Office of the Recorder of Deeds, at Georgetown, Delaware in Plot Book 9, page 28.
>
> SUBJECT to the restrictions as they appear in Deed Book 1096, page 101.

7. Defendant John H. Legg resides in this judicial district, the liability for taxes accrued in this district, and the property to be foreclosed on is located in Sussex County, Delaware and, therefore, venue exits in this Court.

8. The State of Delaware is made a party to this action because it may have an interest in the subject real property.

9.  Sussex County, Delaware is made a party to this action because it may have an interest in the subject real property.

## COUNT I

10. The allegations of paragraphs 1 through 9, inclusive, are realleged and incorporated by reference in this Count as though fully set forth herein.

11. On August 5, 1996, a delegate of the Secretary of the Treasury of the United States assessed against defendant John H. Legg (hereinafter sometimes referred to as "taxpayer") income taxes for tax year 1993 in the amount of $53,185.00. On the same date taxpayer also was assessed various penalties and interest according to law.

12. Proper notice and demand for payment for the assessed liabilities referred to in paragraph 11 above was made in accordance with 26 U.S.C. § 6303.

13. Statutory additions for interest and penalties have accrued relating to the assessed liabilities referred to in paragraph 11 above and will continue to accrue.

14. John H. Legg has failed to pay the United States the full amount owed as a result of the assessments referred to in paragraph 11 above.

15. As of August 5, 2006, defendant John H. Legg will be indebted to the United States in the amount of $121,538.53 in individual federal income tax relating to the assessments identified in paragraph 11 above, which sum does not include all of the interest and penalties which will continue to accrue under law after that date.

## COUNT II

16. The allegations of paragraphs 1 through 15, inclusive, are realleged and incorporated by reference in this Count as though fully set forth herein.

17. By reason of the tax assessments described in paragraph 11 above, federal tax liens arose on the dates of the assessments and attached to all property and rights to property owned or thereafter acquired by defendant John H. Legg.

18. A notice of federal tax lien for the tax assessment described in paragraph 11 above was filed on May 10, 2005 with the Clerk of the Circuit Court, Sussex County, Delaware.

19. The tax liens of the United States attached to all property and rights to property of the defendant, John H. Legg, specifically including the property described in paragraph six above.

WHEREFORE, the United States of America prays as follows:

I. As to Count I, that the Court adjudge defendant John H. Legg indebted to the United States of America in the amount of $121,538.53 as of August 5, 2006, for unpaid income taxes, penalties, and interest relating to the tax year 1993, and for statutory interest, penalties, and costs accruing after that date according to law, until paid;

II. As to Count II, that the Court order, adjudge, decree, and declare that the United States of America has valid and subsisting federal tax liens by virtue of the assessments described in paragraph 11 above, on all property and rights to property of defendant John H. Legg, including the real property described in paragraph six above;

III. That this Court order, adjudge and decree that the federal tax liens attaching to the real property described in paragraph six above be foreclosed and that the property be sold pursuant to 28 U.S.C. Section 2001 and the practice of the Court, either by the United States Marshal for the District of Delaware or by a Property Appraisal and Liquidation Specialist (PALS) of the Internal Revenue Service;

IV. That this Court determine lien interests and priorities regarding the subject property, and that the Court order that the proceeds of the sale of the real property be distributed first to reimbursement of the costs of the sale; second, that the remaining proceeds be distributed to the United States in satisfaction of the tax assessments made against John H. Legg described in paragraph 11 above and to other proven lienholders in order of their priority; and third, that the remaining proceeds, if any, be distributed to defendant John H. Legg;

V. That the United States be granted its costs incurred in the commencement and prosecution of this action; and

VI. That the Court order such other and further relief as may be deemed just and proper under the circumstances.

COLM F. CONNOLLY
United States Attorney
District of Delaware

By: _____
Assistant United States Attorney
Delaware Bar No. 2787
P.O. Box 2046
Wilmington, Delaware 19899


CHARLES H. KEEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
(202) 307-6536

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I (a) PLAINTIFFS** - UNITED STATES OF AMERICA

**DEFENDANT** - JOHN H. LEGG

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  SUSSEX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
CHARLES H. KEEN, ESQUIRE
U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
P.O. BOX 227, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044    (202) 307-6536

(ATTORNEYS (IF KNOWN

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- X 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Nation | ☐ 3 | ☐ 3 | Foreign Country | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- X 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br><br>**PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>X 870 Taxes (U.S. Plaintiff or Defendant<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reappointment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agriculture Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

26 U.S.C. § 7403 - REDUCE TAX ASSESSMENT TO JUDGMENT. FORECLOSE ON FEDERAL TAX LIENS

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23   **DEMAND $** $121,539   CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES  X NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   NONE   JUDGE _____   DOCKET NUMBER _____

DATE: 7-31-06

SIGNATURE OF ATTORNEY OF RECORD: Charles H. Keen

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ___06 - 471___

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

___8/2/06___                   ___[signature] Joe Bentob___
(Date forms issued)            (Signature of Party or their Representative)

                               _____
                               (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action