IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-471 (JJF) |
| ) | |
| JOHN H. LEGG, et al., ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The plaintiff, United States of America, by and through its attorney, and pursuant to Fed. R. Civ. P. 55, hereby requests that the Court enter a default judgment in favor of the United States of America and against defendants John H. Legg, the State of Delaware, and Sussex County, Delaware.

As grounds for this motion, the United States of America submits that on February 12, 2007, the Clerk entered defaults against defendants John H. Legg, the State of Delaware, and Sussex County, Delaware, because they failed to appear, plead or otherwise respond to the complaint.

In support of this motion, the United States submits the accompanying Memorandum and a Declaration executed by Michael Hartz, Revenue Officer, Small Business/Self-Employed Division, Internal Revenue Service, Baltimore, Maryland 21201, and a Declaration of Lawrence P. Blaskopf filed herewith.

//

//

//

3148849.1

WHEREFORE, the United States requests that default judgment be entered against all defendants.

Dated: March 21, 2008.

>Respectfully submitted,
>
> /s/ Lawrence P. Blaskopf
>LAWRENCE P. BLASKOPF
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 227
>Ben Franklin Station
>Washington, D.C.  20044
>Telephone: (202) 514-9642
>*Lawrence.P.Blaskopf@usdoj.gov*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-471 (JJF) |
| ) | |
| JOHN H. LEGG, et al., ) | |
| ) | |
| Defendants, ) | |

## DECLARATION OF MICHAEL HARTZ

I, Michael Hartz, pursuant to 28 U.S.C., Section 1746, do hereby declare as follows:

1. That my official title is Revenue Officer, Small Business/Self-Employed Division, Internal Revenue Service, 31 Hopkins Plaza, Baltimore, Maryland 21201.

2. I certify that the total amount due to the United States of America from John H. Legg for 1993 federal income taxes, interest and penalties as of April 23, 2007 was $128,491.79. Interest accrues thereafter from April 23, 2007 as provided in Section 6621 of the Internal Revenue Code. A copy of the transcript of account is attached as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March ___, 2008

                                                                                 _/s/ Michael Hartz_
                                                                                  MICHAEL HARTZ
                                                                                  Revenue Officer
                                                                                  Baltimore, Maryland

# Internal Revenue Service
United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

## Account Transcript

Request Date: 12-04-2007
Response Date: 12-04-2007
IRS Employee Number: TQRGB
Tracking Number: 100021211497

FORM NUMBER: 1040                                    TAX PERIOD: Dec. 31, 1993

TAXPAYER IDENTIFICATION NUMBER:

JOHN H LEGG
21 CARDIFF RD
REHOBOTH BCH, DE 19971-3505-217

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>
        --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:              58,112.63
ACCRUED INTEREST:             66,547.75      AS OF: Apr. 23, 2007
ACCRUED PENALTY:               3,831.41      AS OF: Apr. 23, 2007

ACCOUNT BALANCE
PLUS ACCRUALS:               128,491.79

            ** INFORMATION FROM THE RETURN OR AS ADJUSTED **

EXEMPTIONS:                         01       FILING STATUS:   Single
ADJUSTED
GROSS INCOME:                186,825.00
TAXABLE INCOME:              171,314.00
TAX PER RETURN:               53,185.00
SE TAXABLE
INCOME TAXPAYER:                   0.00
SE TAXABLE
INCOME SPOUSE:                     0.00
TOTAL SELF
EMPLOYMENT TAX:                1,740.00

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)    Jun. 04, 1996
PROCESSING DATE                                                 Aug. 05, 1996

GOVERNMENT EXHIBIT A

|  | TRANSACTIONS | | |
|---|---|---|---|
| **CODE** | **EXPLANATION OF TRANSACTION** | **CYCLE   DATE** | **AMOUNT** |
| 150 | RETURN FILED AND TAX ASSESSED<br>28221-174-26441-6 | 19963008  08-05-1996 | $53,185.00 |
| 806 | WITHHOLDING CREDIT | 04-15-1994 | -$18,354.00 |
| 460 | EXTENSION OF TIME TO FILE<br>EXT. DATE 08-15-1994 | 04-15-1994 | $0.00 |
| 170 | ESTIMATED TAX PENALTY | 19963008  08-05-1996 | $1,256.00 |
| 166 | LATE FILING PENALTY | 19963008  08-05-1996 | $7,836.98 |
| 276 | FAILURE TO PAY TAX PENALTY | 19963008  08-05-1996 | $4,876.34 |
| 196 | INTEREST ASSESSED | 19963008  08-05-1996 | $9,266.31 |
| 582 | FEDERAL TAX LIEN | 11-26-1996 | $0.00 |
| 971 | INTENT TO LEVY COLLECTION DUE<br>PROCESS NOTICE<br>LEVY NOTICE ISSUED | 02-09-1999 | $0.00 |
| 971 | INTENT TO LEVY COLLECTION DUE<br>PROCESS NOTICE<br>RETURN RECEIPT SIGNED | 02-19-1999 | $0.00 |
| 582 | FEDERAL TAX LIEN | 05-06-2005 | $0.00 |
| 360 | FEES AND COLLECTION COSTS | 05-30-2005 | $23.00 |
| 960 | RECEIVED POA/TIA | 05-18-2005 | $0.00 |
| 608 | STATUTE EXPIRED - CLEAR TO ZERO.<br>UNCOLLECTABLE AMOUNT OWED<br>-$58,089.63 | 08-14-2006 | -$58,089.63 |
| 520 | LEGAL/BANKRUPTCY SUIT PENDING | 07-24-2006 | $0.00 |
| 609 | BALANCE DUE REINSTATED | 08-14-2006 | $58,089.63 |
| 582 | FEDERAL TAX LIEN | 08-11-2006 | $0.00 |
| 360 | FEES AND COLLECTION COSTS | 09-04-2006 | $23.00 |
| | This Product Contains Sensitive Taxpayer Data | | |

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 06-cv-471-JJF |
| JOHN H. LEGG, et al., | ) |
| Defendants. | ) |

### DECLARATION OF LAWRENCE P. BLASKOPF

I, LAWRENCE P. BLASKOPF, pursuant to 28 U.S.C., Section 1746 do hereby declare as follows:

1. I am employed as a trial attorney with the Tax Division of the United States Department of Justice in Washington, D.C.

2. As part of my duties as a trial attorney with the Tax Division, I have been assigned litigation responsibility for the above-captioned civil action.

3. Upon information and belief, defendant John H. Legg is not in the military within the purview of the Servicemembers Civil Relief Act.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 21, 2008.

LAWRENCE P. BLASKOPF

3144102.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 06-471 (JJF) |
| | ) | |
| JOHN H. LEGG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED
STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is a civil action brought by the United States of America for the purpose of reducing federal income tax assessments against defendant John H. Legg to judgment, validating and foreclosing federal tax liens, and for an order of sale against certain real properties, pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403(b).

STATEMENT AND DISCUSSION

The United States is entitled to a judgment in this case pursuant to Fed. R. Civ. P. 55. At the request of the United States, on February 12, 2007, the Clerk entered the default of defendant John H. Legg. The Clerk entered default based upon the failure of Mr. Legg to appear, plead, or otherwise defend the complaint, and upon the declaration of Charles H. Keen, which stated that Mr. Legg had been properly served with the summons and complaint.

//

//

2888617.1

On February 12, 2007, the Clerk also entered the defaults of defendants the State of Delaware, and Sussex County, Delaware. The Clerk entered these defaults based upon the failure of these defendants to appear, plead, or otherwise defend the complaint, and upon the declaration of Charles H. Keen, which stated that these defendants had been properly served with the summons and complaint.

Defendant John H. Legg is not in the military (See Blaskopf Decl. ¶ 3).

The State of Delaware, and Sussex County, Delaware, were named as defendants in this action, as required by 26 U.S.C. § 7403(b), because they may have an interest in real property located 21 Cardiff Road, Rehoboth Beach, Sussex County, Delaware 19971.

Defendant John H. Legg is indebted to the United States for unpaid federal income taxes, interest, and penalties, with respect to his 1993 tax year, in the amount of $128,491.79 as of April 23, 2007, as demonstrated by the attached Declaration of Michael Hartz. This liability is based on assessments dated August 5, 1996.

Furthermore, because of defendant John H. Legg's failure to pay after due notice and demand of the assessment described above, a federal tax lien arose as of the date of the assessment in favor of the United States attaching to all property and rights to property belonging to John H. Legg. Therefore, the United States also seeks an order from the Court foreclosing the

//

//

federal tax lien against the subject real property with the legal description as follows:

> Certain real property commonly known as 21 Cardiff Road, Rehoboth Beach, Sussex County, Delaware 19971, and is more fully described as follows:
>
> > ALL that certain lot, piece or parcel of land in Lewes and Rehoboth Hundred, Sussex County, Delaware, lying to the Southwest of Rehoboth, Delaware, being known and designated as Lot No. 23, Block 3 in Section A as shown on a plot of the land of "Rehoboth Beach Yacht & Country Club", said plot being of record in the Office of the Recorder of Deeds at Georgetown, Delaware in Plot Book 9, page 28.
> >
> > SUBJECT to the restrictions as they appear in Deed Book 1096, page 101.

(See Compl. ¶ 6)

Accordingly, the United States is entitled to judgment in the amount of $128,491.79, with interest accruing pursuant to U.S.C. § 6621 from April 23, 2007.  (See Hartz Decl. ¶2 ). Furthermore, the United States requests a judgment that the liens of the United States described above are valid and existing liens against all property and rights to property owned by the defendant, John H. Legg, including particularly, the property described above located at 21 Cardiff Road, Rehoboth Beach, Delaware  19971.  Finally, the United States requests a judgment that the federal tax liens upon the real property, owned by John H. Legg, be foreclosed and that the subject property be ordered sold, free and clear of any interest therein of John H. Legg, pursuant to 28 U.S.C.§§ 2001 and 2002.

//

//

//

CONCLUSION

For the foregoing reasons, the United States' motion for default judgment should be granted against defendant John H. Legg and the federal tax liens should be foreclosed against the subject real property.

Furthermore, the United States' motion for default judgment should be granted against the defendants, the State of Delaware, and Sussex County, Delaware, on the grounds that they have failed to respond to the complaint and have not asserted an interest in the real property located at 21 Cardiff Road, Rehoboth Beach, Sussex County, Delaware 19971.

Dated: March 21, 2008.

                                      Respectfully submitted,

                                      /s/ Lawrence P. Blaskopf
                                    LAWRENCE P. BLASKOPF
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Ben Franklin Station
                                    Washington, D.C.  20044
                                    Telephone: (202) 514-9642
                                    *Lawrence.P.Blaskopf@usdoj.gov*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-471 (JJF) |
| | ) | |
| JOHN H. LEGG, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>DEFAULT JUDGMENT AND ORDER OF SALE</u>**

Upon consideration of the United States' Motion for Entry of Default Judgment, and

The Court finding that good cause exists for the granting of this motion,

It Is ORDERED:

1. The United States' motion is GRANTED;

2. That JUDGMENT is entered in favor of the United States and against defendant John H. Legg for unpaid 1993 federal individual income taxes and statutory additions, as of April 23, 2007, in the amount of $128,491.79, plus statutory additions until paid;

3. The United States has valid and existing federal tax liens against all property and rights to property owned by defendant, John H. Legg;

4. The Court further ORDERS that whereas, the relief described herein has been demanded in the complaint, the United States' federal tax lien against defendant John H. Legg is foreclosed against the subject property described below, and such property is to be sold pursuant to 28 U.S.C. § 2001 in the manner set forth below.

A. The real property upon which the United States seeks to foreclose its federal tax lien is

3032648.1

owned by the taxpayer and is located at 21 Cardiff Road, Rehoboth Beach, Delaware 19971 (hereinafter referred to as "the property.") and is more fully described as follows:

> ALL that certain lot, piece or parcel of land in Lewes and Rehoboth Hundred, Sussex County, Delaware, lying to the Southwest of Rehoboth, Delaware, being known and designated as Lot No. 23, Block 3 in Section A as shown on a plot of the land of "Rehoboth Beach Yacht & Country Club", said plot being of record in the Office of the Recorder of Deeds, at Georgetown, Delaware in Plot Book 9, page 28.
>
> SUBJECT to the restrictions as they appear in Deed Book 1096, page 101.

B. The United States Marshal for the District of Delaware or his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction, and to sell the subject property to satisfy the United States' federal tax lien against such property;[1]

C. The Marshal, his or her representative, or the PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser;

D. The sale of the Property shall be free and clear of the interests of any of the defendants to this action;

E. the sale shall be subject to building lines, if established, all laws, ordinances, and

---

[1] The United States shall make the arrangements for the United States Marshal's Office or the PALS to sell the Property as set forth in this order. The United States may choose either the United States Marshal or the PALS to carry out the sales under this order.

governmental regulations (including building and zoning ordinances) affecting the Property, and any easements and restrictions of record, if any;

F. the Property shall be sold by public auction to take place within Sussex County, Delaware, either on the premises themselves or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

G. the times and places for the sales of the Property are to be announced by the United States Marshal, his or her representatives, or the PALS;

H. the sale of the Property shall be advertised once each week for four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in Sussex County, Delaware, and by any other notice that the United States Marshal or his/her representative, or the PALS in his/her discretion may deem appropriate. The notices of sale shall contain a description of the properties to be sold and shall contain the terms and conditions of sale in this order and decree;

I. the Property shall be sold to the highest bidder with the United States having the right to withdraw the Property from bidding at any time prior to the acceptance of a bid, if in the opinion of the United States, the bids are inadequate;

J. if there are any municipal liens (including county and city property taxes and utility liens) on the Property, the United States shall obtain from the municipality a bill, statement or claim for any delinquent amounts secured by such liens and deliver same to the United States Marshal or the PALS ten days in advance of said sale. Satisfaction of any municipal liens shall be from the sale proceeds pertaining to the property subject to such liens, and the Property shall be sold free and clear of such municipal liens;

K. no bid on any of the Property (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at least ten percent (10%) of the amount of the bid.  Before being permitted to bid at the sale, bidders shall display to the United States Marshal, his/her representative, or to the PALS proof that they are able to comply with this requirement.  No bids will be received from any person who has not presented proof that, if he or she is the successful bidder, he or she can make the deposit required by this order;

L. the balance of the purchase price on the Property shall be paid to the United States Marshal or the PALS (whichever person is conducting the sale as arranged by counsel for the United States) within sixty (60) days after the date the bid is accepted.  Payment shall be by a certified or cashier's check payable to the United States Marshal for the District of Delaware if the sale is conducted by the Marshal or to the Internal Revenue Service - Department of Treasury in the case of the PALS.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be returned to the bidder, and the Property shall be again offered for sale under the terms and conditions of this order and decree.

M. the sale of the Property shall be subject to confirmation by this Court.  On confirmation of the sale, the United States Marshal or the PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser(s).  On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by the United States or the defendants in this action are discharged and extinguished.

N. no later than twenty (20) days after receipt of the balance of the purchase price, the United States Marshal or the PALS shall file a report of sale with the Court, together with a

proposed order of confirmation of sale and proposed deed.

O. the recorder of deeds of Sussex County, Delaware, shall proceed to record the deed in favor of the purchaser(s).

P. until the Property is sold, defendant John H. Legg shall take all reasonable steps necessary to preserve the Property (including all improvements, fixtures and appurtenances) in their current condition including, without limitation, maintaining fire and casualty insurance on the Property at his own expense. John H. Legg shall not commit waste against the property, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Property, nor shall he cause or permit anyone else to do so. He shall take no action which may tend to deter or discourage potential bidders from participating in the public auction.

Q. the property is to be sold subject to any leases currently in effect with any rights and obligations of defendant John H. Legg under such leases to be transferred to the purchaser of the property.

R. if the United States Marshal, or his or her representative, conducts the sale, the proceeds from the sale(s) of the Property shall be distributed in the following order:

    i.    First, to the United States Marshal for the costs of the sales;

    ii.    Second, to any municipality to satisfy any municipal liens (including county and city property taxes and utility liens) on the Property as stated in subparagraph J above;

    iii.    Third, to the United States, on account of its federal tax lien; and

    iv.    Fourth, any surplus of the sale proceeds from the Property shall be

deposited with the Clerk to be held until further order of the Court;

S. if the PALS conducts the sale of Property, the proceeds from the sale shall be distributed in the following order:

i. First, to the PALS for the costs of the sales;

ii. Second, to any municipality to satisfy any municipal liens (including county and city property taxes and utility liens) on the Property as stated in subparagraph J above;

iii. Third, to the United States, on account of its federal tax lien; and

iv. Fourth, any surplus of the sale proceeds from the Property shall be deposited with the Clerk to be held until further order of the Court.

A copy of this order shall be served upon all parties within ____ days of the entry of the order.

The Clerk of Court shall enter judgment accordingly pursuant to Fed. R. Civ. P. 58.

Signed this ____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-471 (JJF) |
| ) | |
| JOHN H. LEGG, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT, accompanying MEMORANDUM, DECLARATION OF MICHAEL HARTZ, DECLARATION OF LAWRENCE P. BLASKOPF and proposed DEFAULT JUDGMENT AND ORDER OF SALE has been made this 21st day of March, 2008, via electronic mail or by placing true and correct copies thereof in the United States mail, postage prepaid, and properly addressed to the following:

>John H. Legg
>21 Cardiff Road
>Rehoboth Beach, Delaware 19971

>State of Delaware
>Department of Finance
>Division of Revenue
>ATTN: David Shelley
>P.O. Box 8763
>Wilmington, Delaware 19899-8763

2927268.1

David R. Hackett, Esquire
Griffin & Hackett, P.A.
P.O. Box 612
Georgetown, Delaware 19947


      /s/ Lawrence P. Blaskopf
LAWRENCE P. BLASKOPF