IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-471 (JJF) |
| JOHN H. LEGG, et al., | ) ) ) |
| Defendants. | ) ) |

**DEFAULT JUDGMENT AND ORDER OF SALE**

Upon consideration of the United States' Motion for Entry of Default Judgment, and

The Court finding that good cause exists for the granting of this motion,

It Is ORDERED:

1. The United States' motion is GRANTED;

2. That JUDGMENT is entered in favor of the United States and against defendant John H. Legg for unpaid 1993 federal individual income taxes and statutory additions, as of April 23, 2007, in the amount of $128,491.79, plus statutory additions until paid;

3. The United States has valid and existing federal tax liens against all property and rights to property owned by defendant, John H. Legg;

4. The Court further ORDERS that whereas, the relief described herein has been demanded in the complaint, the United States' federal tax lien against defendant John H. Legg is foreclosed against the subject property described below, and such property is to be sold pursuant to 28 U.S.C. § 2001 in the manner set forth below.

A. The real property upon which the United States seeks to foreclose its federal tax lien is

3032648.1

owned by the taxpayer and is located at 21 Cardiff Road, Rehoboth Beach, Delaware 19971 (hereinafter referred to as "the property.") and is more fully described as follows:

> ALL that certain lot, piece or parcel of land in Lewes and Rehoboth Hundred, Sussex County, Delaware, lying to the Southwest of Rehoboth, Delaware, being known and designated as Lot No. 23, Block 3 in Section A as shown on a plot of the land of "Rehoboth Beach Yacht & Country Club", said plot being of record in the Office of the Recorder of Deeds, at Georgetown, Delaware in Plot Book 9, page 28.
>
> SUBJECT to the restrictions as they appear in Deed Book 1096, page 101.

B. The United States Marshal for the District of Delaware or his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction, and to sell the subject property to satisfy the United States' federal tax lien against such property;[1]

C. The Marshal, his or her representative, or the PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser;

D. The sale of the Property shall be free and clear of the interests of any of the defendants to this action;

E. the sale shall be subject to building lines, if established, all laws, ordinances, and

---

[1] The United States shall make the arrangements for the United States Marshal's Office or the PALS to sell the Property as set forth in this order. The United States may choose either the United States Marshal or the PALS to carry out the sales under this order.

3032648.1

governmental regulations (including building and zoning ordinances) affecting the Property, and any easements and restrictions of record, if any;

F. the Property shall be sold by public auction to take place within Sussex County, Delaware, either on the premises themselves or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

G. the times and places for the sales of the Property are to be announced by the United States Marshal, his or her representatives, or the PALS;

H. the sale of the Property shall be advertised once each week for four (4) consecutive weeks preceding the time fixed for such sale in a daily newspaper of general circulation in Sussex County, Delaware, and by any other notice that the United States Marshal or his/her representative, or the PALS in his/her discretion may deem appropriate. The notices of sale shall contain a description of the properties to be sold and shall contain the terms and conditions of sale in this order and decree;

I. the Property shall be sold to the highest bidder with the United States having the right to withdraw the Property from bidding at any time prior to the acceptance of a bid, if in the opinion of the United States, the bids are inadequate;

J. if there are any municipal liens (including county and city property taxes and utility liens) on the Property, the United States shall obtain from the municipality a bill, statement or claim for any delinquent amounts secured by such liens and deliver same to the United States Marshal or the PALS ten days in advance of said sale. Satisfaction of any municipal liens shall be from the sale proceeds pertaining to the property subject to such liens, and the Property shall be sold free and clear of such municipal liens;

K. no bid on any of the Property (except as to the United States) shall be accepted unless the same is accompanied by a certified check or a cash deposit of at least ten percent (10%) of the amount of the bid. Before being permitted to bid at the sale, bidders shall display to the United States Marshal, his/her representative, or to the PALS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if he or she is the successful bidder, he or she can make the deposit required by this order;

L. the balance of the purchase price on the Property shall be paid to the United States Marshal or the PALS (whichever person is conducting the sale as arranged by counsel for the United States) within sixty (60) days after the date the bid is accepted. Payment shall be by a certified or cashier's check payable to the United States Marshal for the District of Delaware if the sale is conducted by the Marshal or to the Internal Revenue Service - Department of Treasury in the case of the PALS. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be returned to the bidder, and the Property shall be again offered for sale under the terms and conditions of this order and decree.

M. the sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the United States Marshal or the PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser(s). On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by the United States or the defendants in this action are discharged and extinguished.

N. no later than twenty (20) days after receipt of the balance of the purchase price, the United States Marshal or the PALS shall file a report of sale with the Court, together with a

proposed order of confirmation of sale and proposed deed.

O. the recorder of deeds of Sussex County, Delaware, shall proceed to record the deed in favor of the purchaser(s).

P. until the Property is sold, defendant John H. Legg shall take all reasonable steps necessary to preserve the Property (including all improvements, fixtures and appurtenances) in their current condition including, without limitation, maintaining fire and casualty insurance on the Property at his own expense. John H. Legg shall not commit waste against the property, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Property, nor shall he cause or permit anyone else to do so. He shall take no action which may tend to deter or discourage potential bidders from participating in the public auction.

Q. the property is to be sold subject to any leases currently in effect with any rights and obligations of defendant John H. Legg under such leases to be transferred to the purchaser of the property.

R. if the United States Marshal, or his or her representative, conducts the sale, the proceeds from the sale(s) of the Property shall be distributed in the following order:

    i.    First, to the United States Marshal for the costs of the sales;

    ii.    Second, to any municipality to satisfy any municipal liens (including county and city property taxes and utility liens) on the Property as stated in subparagraph J above;

    iii.    Third, to the United States, on account of its federal tax lien; and

    iv.    Fourth, any surplus of the sale proceeds from the Property shall be

deposited with the Clerk to be held until further order of the Court;

S. if the PALS conducts the sale of Property, the proceeds from the sale shall be distributed in the following order:

i. First, to the PALS for the costs of the sales;

ii. Second, to any municipality to satisfy any municipal liens (including county and city property taxes and utility liens) on the Property as stated in subparagraph J above;

iii. Third, to the United States, on account of its federal tax lien; and

iv. Fourth, any surplus of the sale proceeds from the Property shall be deposited with the Clerk to be held until further order of the Court.

A copy of this order shall be served upon all parties within 20 days of the entry of the order.

The Clerk of Court shall enter judgment accordingly pursuant to Fed. R. Civ. P. 58.

Signed this 23 day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE

6

3032648.1